

RECEIVED
IN LAKE CHARLES, LA

SEP 29 2014

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| LUBA CASUALTY INSURANCE COMPANY, | * * * | CIVIL ACTION NO. 2:14-cv-00710 |
| Plaintiff, | * * | |
| v. | * * * | JUDGE PATRICIA MINALDI |
| HITACHI, LTD., AND HITACHI AMERICA, LTD., | * * * | MAGISTRATE JUDGE KAY |
| Defendants. | * | |

**MEMORANDUM RULING**

Before the court are a series of Motions that shall be ruled on collectively due to the interconnectivity of the issues therein. The Motions before the court are as follows: Hitachi Koki U.S.A., Ltd.'s (Hitachi Koki) Motion to Dismiss for Insufficiency of Service of Process [Doc. 7], Hitachi Ltd.'s (Hitachi) Motion to Dismiss for Insufficiency of Service of Process [Doc. 8], and Hitachi America, Ltd.'s (Hitachi America) Motion for Summary Judgment [Doc. 11]—all defendants herein. Luba Casualty Insurance Company (Luba) failed to file a response to any Motion.

For the following reasons, Hitachi Koki's Motion [Doc. 7] is **GRANTED**. For the following reasons, Hitachi's Motion [Doc. 8] is **GRANTED**. For the following reasons, Hitachi America's Motion [Doc. 11] is **GRANTED**.

**FACTS & PROCEDURAL HISTORY**

Luba was the workers' compensation insurer for Vigio Masonry (employer).[1] On July 2, 2012, Troy Seger was injured while operating a power saw.[2] Mr. Seger's injuries

---
[1] Pet. [Doc. 1-2] at ¶ 5.
[2] Pet. [Doc. 1-2] at ¶ 2.

1

include, but are not limited to, severe lacerations, severed and/or damaged tendons, and possible amputation and/or permanent numbness.[3] Luba has paid and will continue to pay benefits to and on behalf of Mr. Seger as a result of the incident.[4]

Luba filed the underlying lawsuit against Hitachi and Hitachi America on July 2, 2013 in the Fourteenth Judicial District Court in Calcasieu Parish under the Louisiana Products Liability Act ("LPLA").[5] A supplemented and amended complaint was filed on September 5, 2013, adding Hitachi Koki as a defendant to the suit.[6] Luba alleges that the defendants designed, manufactured, assembled, and/or distributed the power saw that caused the alleged accident.[7] Luba alleges that the defendants are liable for all damages and injuries suffered by Mr. Seger and for the repayment of benefits received by him as a result of the injury.[8]

Hitachi, a Japanese corporation, filed a Declinatory Exception of Insufficiency of Service of Process on February 11, 2014 in the Fourteenth Judicial District Court in Calcasieu Parish, stating that the attempted service of process does not conform with the Hague Convention on Service Abroad of Judicial and Extra-Judicial Documents (the Hague Convention).[9] Hitachi alleges that Luba requested service on both Hitachi and Hitachi America at Hitachi America's principal place of business in Louisiana.[10] However, Hitachi asserts that it is a separate entity from Hitachi America and has neither a registered officer nor a registered place of business in Louisiana, so because service

---

[3] *Id.* at ¶ 2.
[4] *Id.* at ¶ 5.
[5] *Id.* att. 1.
[6] Am. Pet. [Doc. 1-5] at 11.
[7] *Id.* at ¶ 4.
[8] Am. Pet. [Doc. 1-3] at ¶ 1.
[9] Hitachi's Declinatory Exception [Doc. 1-4] at 1.
[10] Mem. in Supp. of Hitachi's Declinatory Exception [Doc. 1-4] at 1.

2

failed to conform to the Hague Convention, it was not a valid means of service on a foreign corporation.[11]

Hitachi Koki, filed a Declinatory Exception of Insufficiency of Service of Process on February 11, 2014 in the Fourteenth Judicial District Court in Calcasieu Parish, alleging the plaintiff failed to request service on it within 90 days from filing its First Supplemental and Amended Petition.[12] Hitachi Koki claims that the failure of Luba to request service within the 90 days warrants an Involuntary Dismissal.[13]

Hitachi America filed a Motion for Summary Judgment on February 11, 2014 in the Fourteenth Judicial District Court in Calcasieu Parish.[14] Hitachi America claims that summary judgment is appropriate because it does not design, manufacture, distribute, or sell power saws.[15] Hitachi America removed the case to federal court on April 1, 2013, pursuant to 28 U.S.C. § 1332, on the basis of diversity of citizenship subject matter jurisdiction.[16] Once removed, the defendants refiled their Motions in accordance with the Removal Order.[17]

## LAW & ANALYSIS

As previously discussed, there are three matters to be disposed of by this order. The first matters to be addressed are Hitachi Koki's Motion to Dismiss for Insufficiency of Service of Process [Doc. 7] and Hitachi's Motion to Dismiss for Insufficiency of Service of Process [Doc. 8]. As they deal with similar issues of law, these motions will

---

[11] *Id.*
[12] Hitachi Koki's Declinatory Exception [Doc. 1-5] at 1.
[13] *Id.*
[14] Hitachi America's Mot. For Summ. J. [Doc. 1-9] at 1.
[15] *Id.*
[16] Notice of Removal [Doc. 1].
[17] Hitachi Koki's Mot. to Dismiss [Doc. 7]; Hitachi's Mot. to Dismiss [Doc. 8]; Hitachi America's Mot. for Summ. J. [Doc. 11].

3

be addressed together. The last matter to be addressed will be Hitachi America's Motion for Summary Judgment [Doc. 11].

### Motions to Dismiss for Insufficiency of Service of Process

State law controls whether service was properly made prior to removal. *Sal Ciolino & Associates v. First Extended Serv. Corp.*, 156 F. App'x 621, 622 (5th Cir. 2005) (quoting *Freight Terminals, Inc. v. Ryder Sys., Inc.*, 461 F.2d 1046, 1052 (5th Cir.1972)). Under Louisiana law, service of citation shall be requested on all named defendants within ninety days of commencement of the action. LA. CODE CIV PROC. ANN. art. 1201(c). When a supplemental or amended petition is filed naming any additional defendant, service of citation shall be requested within ninety days of its filing. *Id.* A court shall dismiss an action with prejudice if the plaintiff fails to serve the named defendant within the prescribed time period, unless there is a showing of good cause for the delay. LA. CODE CIV. PROC. ANN. art. 1672(c).

Federal Rule of Civil Procedure 4(f)(1) authorizes service on an individual or entity located in a foreign country "by any internationally agreed means of service . . . such as those authorized by the Hague Convention . . . ." FED. R. CIV. P. 4(f)(1). Additionally, foreign defendants are allowed to "insist on service pursuant to the Hague Convention." *Rhodes v. J.P. Sauer & Sohn, Inc.*, 98 F. Supp. 2d 746, 749 (W.D. La. 2000) (quoting *Sheets v. Yamaha,* 891 F.2d 533, 536 (5th Cir. 1990)). "Articles 2 and 3 of the Hague Convention require signatory countries to designate a Central Authority to receive requests for service, and require that a request for service of judicial documents and the documents to be served be forwarded to the Central Authority." *Id.* at 748.

Luba filed the original complaint against Hitachi and Hitachi America on July 2, 2013.[18] The supplemental and amended complaint was filed September 5, 2013, adding Hitachi Koki as a defendant to the suit.[19] All defendants should have been properly served by December 3, 2013, to satisfy the 90-day requirement of article 1201.

First, there is no indication that there was ever an attempt to properly serve Hitachi Koki in this matter.[20] Second, Hitachi was also never properly served because it is a foreign corporation without either a registered agent or a principal place of business in Louisiana.[21] Hitachi is a separate entity from Hitachi America and located in a foreign country. To be proper, service should have been forwarded to the Central Authority. Hitachi Koki and Hitachi were never properly served within the deadline for service mandated by article 1201, so a dismissal is the appropriate remedy.

Even if the court were to follow the Federal Rules of Civil Procedure, the plaintiffs failed to properly serve the defendants within the 120-day requirement of Rule 4(m). FED. R. CIV. P. 4(m). The proper remedy for failure to serve defendants in the 120-day period dictated by Rule 4(m) is dismissal unless good cause is shown. *Id.* As previously discussed, neither Hitachi Koki nor Hitachi were properly served within the required time period dictated under Rule 4(m). Additionally, the plaintiff has failed to come forward with good cause for the failure to serve these defendants. Because Hitachi and Hitachi Koki were not properly served within the required timeframe, they should be dismissed from the suit.

---

[18] Pet. [Doc. 1-2] at ¶ 5.
[19] Am. Pet. [Doc. 1-5] at 11.
[20] Hitachi Koki's Mot.to Dismiss [Doc. 7]
[21] Mem. in Supp. of Hitachi's Declinatory Exception [Doc. 1-4] at 1.

## Motion for Summary Judgment

A grant of summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is said to be "genuine" only where "a reasonable jury could return a verdict for the non-moving party." *Dizer v. Dolgencorp, Inc.*, No. 3:10-cv-699, 2012 U.S. Dist. LEXIS 24025, at *16 (W.D. La. Jan. 12, 2012) (citing *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006)). In evaluating a motion for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is mandated by Rule 56(a) "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Webber v. Christus Schumpert Health Sys.*, No. 10-1177, 2011 U.S. Dist. LEXIS 99235, at *14 (W.D. La. Sept. 2, 2011) (citing *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 1994)).

In determining whether to grant a motion for summary judgment, the motion "cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule." *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985) (citing *John v. La. (Bd. of Trustees for State Colleges & Universities)*, 757 F.2d 698, 709 (5th Cir. 1985)). However, when faced with an absence of proof, there is no assumption made that the nonmoving party could or would prove the necessary facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). Moreover, the Local Rules for the Western District of Louisiana provide that "[a]ll material facts set forth in the

statement required to be served by the moving party will be deemed admitted, for the purposes of the motion, unless controverted as required by this rule." Unif. Loc. R. La. LR 56.2. Therefore, the facts submitted by Hitachi America are deemed admitted for purposes of determining whether to grant Hitachi America's Motion for Summary Judgment [Doc. 11].

**Louisiana Products Liability Act**

The Louisiana Products Liability Act ("LPLA") establishes the exclusive theories of liability in actions against manufacturers for damage caused by their products. *See* LA. REV. STAT. ANN. § 9:2800.52. A plaintiff has the burden of proving:

> (1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product "unreasonably dangerous;" and (4) that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else.

*Ayo v. Triplex, Inc.*, 457 F. App'x 382, 385-86 (5th Cir. 2012) (additional citations omitted).

According to the LPLA, a "manufacturer" is "a person or entity who is in the business of manufacturing a product for placement into trade or commerce." LA. REV. STAT. ANN. § 9:2800.53(1)(a). "'Manufacturing a product' means producing, making, fabricating, constructing, designing, remanufacturing, reconditioning or refurbishing a product." LA. REV. STAT. ANN. § 9:2800.53(1). A manufacturer can also include the "seller of a product who exercises control over or influences a characteristic of the design, construction or quality of the product that causes damage." LA. REV. STAT. Ann. § 9:2800.53(1)(b).

7

Hitachi America asserts that it is does not design, manufacture, distribute or sell power saws.[22] Ms. Tillie Lim, in her affidavit, asserts that as Vice President, Associate General Counsel, and Secretary for Hitachi America, she can affirm that the company does not sell, manufacture, design, market, package, or place into the stream of commerce power saws.[23] Based on the Local Rules, the factual assertions by Hitachi America are deemed admitted due to Luba's failure to respond. Because Hitachi America does not qualify as a "manufacturer" under the LPLA, no claim can be brought under the LPLA. Hitachi America has satisfied the requirements set under Rule 56, showing no genuine issue of material fact and that it should be entitled to judgment as a matter of law.

## CONCLUSION

**IT IS ORDERED** that Hitachi Koki's Motion to Dismiss [Doc. 7] be and hereby is **GRANTED**.

**IT IS ORDERED** that Hitachi's Motion to Dismiss [Doc. 8] be and hereby is **GRANTED**.

**IT IS ORDERED** that Hitachi America's Motion for Summary Judgment [Doc. 11] be and hereby is **GRANTED**.

Lake Charles, Louisiana, this 14 day of September, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[22] Hitachi America's Mot. for Summ. J. [Doc. 11] at 1.
[23] Aff. of Tillie Lim [Doc. 11-1] at 11.